UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALEA LONDON, LTD., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:05CV1240HEA |
| | ) |
| GEORGE MAXWELL and, | ) |
| GREGORY'S ROADHOUSE, LLC, | ) |
| | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Summary Judgment, [#23]. Defendants have filed a written response to the motion and the motion has been fully briefed. For the reasons set forth below, Plaintiff's motion is granted.

## Facts and Background

Plaintiff, Alea London, LTD, ("Alea") brings this diversity action for declaratory judgment and other relief against Defendants Gregory's Roadhouse, LLC ("Roadhouse"), George Maxwell and Brian Brooks based on a policy for general liability insurance issued to the Roadhouse.

On or about November 22 or 23, 2003, Neil Maxwell, son of George Maxwell, was assaulted, beaten and fatally shot by Brian Brooks and/or others on behalf of

1

Brooks. George Maxwell filed an action for wrongful death and negligence in the Circuit Court of Dent County, Missouri against Brooks and the Roadhouse, claiming that his son died as a result of the attack and shooting on the Roadhouse premises.

Under a reservation of rights, Alea is providing the Roadhouse, its insured, with a defense of the claims asserted by Maxwell for the allegations in the lawsuit pending in state court. Alea filed the instant declaratory judgment action in federal court seeking a determination that it has no duty to defend or indemnify the Roadhouse for any of the claims asserted by Maxwell pursuant to the assault and battery exclusion clause contained in the insurance policy issued to the Roadhouse.

Alea now moves for summary judgment as to the claims set forth in its Complaint for Declaratory Judgment, arguing that it has no duty to defend or indemnify the Roadhouse in the underlying lawsuit.

**Standard of Review**

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, a court may grant summary judgment if the information before it shows that there are no material issues of fact in dispute and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden of proof is on the moving party to set forth the basis of its motion, *Mt. Pleasant v. Associated Elec. Co-op,. Inc.,* 838 F.2d 268, 273 (8th Cir. 1988), and the court must view all facts and

inferences in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986). Once the burden is discharged, if the record shows that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on a material factual issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The non-moving party may not rest upon his pleadings, but must come forward with affidavits or other admissible evidence to rebut the motion. *Celotex*, 477 U.S. at 324.

## **Discussion**

Plaintiff, Alea argues it is entitled to summary judgment as a matter of law, because there is no genuine dispute on any material factual issue. This Court agrees.

Alea issued a policy of Commercial General Liability insurance to Gregory's Roadhouse, LLC with a policy period of February 23, 2003 to February 23, 2004. Following the incident, which occurred on or about November 22 and/or 23, 2003, George Maxwell filed the underlying lawsuit alleging the Roadhouse failed to properly protect Maxwell's son, who subsequently died as a result of injuries he suffered on the Roadhouse premises. The allegations set forth by Maxwell in the underlying lawsuit are for acts or omissions in connection with the prevention or suppression of an assault or battery, and further arise out of charges or allegations of negligent hiring, training,

3

placement or supervision.

**Assault and Battery**

The policy issued to the Roadhouse by Alea requires Alea to provide a defense to the Roadhouse for any suit for "bodily injury" caused by an "occurrence." The policy defines an "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Alea claims that the allegations in the underlying lawsuit do not constitute an "occurrence" as defined in the policy, since Neil Maxwell's injuries and subsequent death were the result of an intentional act and not a result of an accident.

The language of the policy issued by Alea to the Roadhouse also excludes coverage for claims arising out of an assault or battery. The policy incorporates Combination Endorsement-1, which contains the following exclusions for assault and battery:

> Exclusion a. of Coverage A (Section I) is deleted and replaced with the following:
>
> "Bodily injury" or "property damage":
>
> (1) expected or intended from the standpoint of any insured;
> (2) arising out of assault or battery, or out of any act or omission in connection with the prevention or suppression of an assault or battery; or
> (3) arising out of charges or allegations of negligent hiring, training, placement or supervision with respect to (1) or (2) above.

Defendant Roadhouse argues the assault and battery exclusion does not apply in this case, since it does not exclude the various negligent acts or omissions that are alleged in the underlying lawsuit. The Roadhouse cites to the Second Circuit and Massachusetts decisions for the premise that an assault and battery exclusion does not exclude coverage for a claim alleging negligent failure to protect or provide security.

Under Missouri law "the clear language of the policy controls." *Capitol Indem. Corp. v. Callis,* 963 S.W.2d 247, 249 (Mo. App. 1997) (*citing Acceptance Ins. Co. v. Winning Concepts of Westport Inc.,* 842 S.W.2d 206, 208 (Mo. App. 1992)). Missouri courts have rejected the interpretation that negligence arising out of an assault and battery is a covered event. *Id; see also Hunt v. Capitol Indem. Corp.,* 26 S.W.3d 341 (Mo. App. 2000) (assault and battery and negligence are not mutually exclusive since without underlying assault and battery, there would be no injury and no basis for plaintiff's action for negligence). Policies with assault and battery exclusions which contain the language "arising out of" are clear, in that they exclude acts arising out of an assault and battery, including negligent acts. *Callis,* 963 S.W.2d at 249.

Alea's assault and battery exclusion utilizes the term "arising out of assault or battery." "Arising out of" is read within the context of the surrounding language of the exclusion, which also encompasses "allegations of negligent hiring, training, placement or supervision." Although the injuries and subsequent death of Neil Maxwell may have

5

been caused by the negligent acts of the Roadhouse, that does not mean that they did not arise out of an assault and/or battery. George Maxwell's real contention in the underlying suit is that his son's death arose out of an assault and battery, which in turn arose out of the Roadhouse's negligence. Thus, without the assault and battery, there would have been no incident to complain of and no basis for Maxwell's action for negligence. Therefore, the incident is plainly and unambiguously excluded from coverage by the policy's assault and battery exclusion.

**Choice of Law**

The Roadhouse claims that Arkansas law governs the interpretation and construction of the policy under choice of law principles, because the contract between Alea and the Roadhouse was signed by Alea in the state of Arkansas. The Roadhouse prefers the application of Arkansas law, since Arkansas courts have found assault and battery exclusions to be ambiguous and have construed them in favor of the insured. *See e.g., Garwrieh v. Scottsdale Ins. Co.,* 117 S.W.3d 634 (Ark. App. 2003).

The Roadhouse's argument that the most important factor to be considered by the Court in determining this choice of law question is the place of contracting. It claims that because the last act done to make the contracts effective occurred in Arkansas, the policy must be construed and governed by Arkansas law.

Missouri adopted the "most significant relationship" test for determining choice

of law in *Kennedy v. Dixon,* 439 S.W.2d 173 (Mo. banc 1969) (applying the test in a tort case). While it is true that the place of contracting is an important consideration, it is not, standing alone, a controlling factor. *Hartzler v. American Family Mut. Ins. Co.,* 881 S.W.2d 653, 655 (Mo. App. 1994) (*citing* RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 188 cmt. e (1971)).

In determining choice of law issues insofar as they relate to contracts, Missouri has adopted §§ 188 and 193 of RESTATEMENT (SECOND) OF CONFLICT OF LAWS (1971). *Id.* (*citing Crown Ctr. Redevelopment Corp. v. Occidental Fire & Casualty Co.,* 716 S.W.2d 348, 358 (Mo. App. 1986). Section 193 provides:

> The validity of a contract of fire, surety or casualty insurance and the rights created thereby are determined by the local law of the state which the parties understood was to be the principal location of the insured risk during the term of the policy, unless with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the transaction and the parties, in which event the local law of the other state will be applied.

RESTATEMENT § 193. "The court in *Crown Ctr.* observed that under § 193, the applicable law should be the law of the state which the parties contemplated as the principal location of the insured risk." *Hartzler,* 881 S.W.2d at 655 (*citing Crown Ctr.,* 716 S.W.2d at 358 and RESTATEMENT § 193. cmt b. (when the insured risk can be located in one particular state, at least principally, the location of the insured risk will be given greater weight than any other single contact in determining the state of

applicable law)).

Section 188 of RESTATEMENT (SECOND) OF CONFLICT OF LAWS (1971) provides as follows:

> (2) In the absence of an effective choice of law by the parties . . . the contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:
>
> (1) the place of the contracting,
> (2) the place of negotiation of the contract,
> (3) the place of performance,
> (4) the location of the subject matter of the contract, and
> (5) the domicile, residence, nationality, place of incorporation and place of business of the parties.

RESTATEMENT § 188(2). These contacts are to be evaluated according to their relative importance with respect to the particular issue. *Id.*

In this case, the fact that Alea did not sign the contract until it was sent back to its offices in Arkansas is of little consequence. The policy was issued in Missouri to a Missouri insured and was negotiated in Missouri. The declarations page of the policy states, "This is evidence of insurance procured under the Missouri Surplus Lines Law." And perhaps of the utmost significance is the fact that the insured risk is in Missouri, since the Roadhouse is located in Salem, Missouri. This is evidence that the state of Missouri was the parties' expectation of the principal location of the insured risk under § 193 guidelines and that Missouri had the "more significant relationship" to the parties

8

and the transaction under § 188. Therefore, this Court finds that Missouri law governs the interpretation of the policy in this case. Since Missouri law is applicable, the assault and battery exclusion is valid, and Alea London, Ltd. has no duty to defend or indemnify its insured, Gregory's Roadhouse, LLC.

### **Conclusion**

For the reasons set forth above, there is no genuine dispute on any material factual issue, and Alea London, Ltd. is entitled to summary judgment as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Alea London, Ltd.'s Motion for Summary Judgment, [#23], is granted; Plaintiff has no duty to defend or indemnify Gregory's Roadhouse, LLC or any of its employees or agents for the allegations contained in the Petition filed by George Maxwell in the Circuit Court of Dent County, Missouri.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

Dated this 28th day of March, 2006.

_____
  HENRY EDWARD AUTREY
  UNITED STATES DISTRICT JUDGE